UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-24055-SCOLA/GARBER

JULIA CORDERO,

     Plaintiff,

v.

CAROLINE H. OWRE,

       Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S AMENDED COMPLAINT

THIS CAUSE is before the Court upon referral from United States District Judge Robert N. Scola (ECF No. 10.) Pursuant to such reference, the Court has received and reviewed Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint (ECF No. 3); Plaintiff's Response in Opposition to the Motion (ECF No. 5); and Defendant's Reply thereto (ECF No. 6).

The Court, having reviewed the Motion, the Response, the Reply, the record and all relevant authorities, and after holding a hearing on the Motion, hereby **RECOMMENDS** that Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint be **DENIED.**

1. **BACKGROUND**

Defendant Caroline H. Owre ("Defendant") employed Plaintiff Julia Cordero ("Plaintiff") as her housekeeper from December 2005 to September 2017. (ECF No. 1, Exhibit A-3, ¶¶ 4, 10-11). Defendant paid Plaintiff a monthly salary of $2,880 or $720 per week. (*Id.* ¶ 11.) In September 2017, Plaintiff filed a complaint against Defendant in State Court alleging various violations of Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"). (ECF No. 1, Exhibit A-2). Plaintiff thereafter, amended her complaint and added additional claims under Fair Labor Standards Act, 29 U.S.C §201 *et seq.*, ("FLSA"). (ECF No. 1, Exhibit A-3).

Defendant sought removal of this case from the Circuit Court of the Eleventh Judicial Circuit to the United States District Court for the Southern District of Florida. [ECF No. 1].

Plaintiff's Amended Complaint consists of three causes of action. In Count I, Plaintiff claims violation of FLSA's overtime provisions, alleging that she worked 44 hours per week but was never paid overtime. (ECF No. 1, Exhibit A-3, ¶¶ 9-15). In Count II, Plaintiff alleges that while Defendant paid her for her time, Defendant failed to make timely payments. (*Id.* ¶ 18). As a result, Plaintiff claims that Defendant violated the FLSA and FMWA's prompt payment requirements and that she is entitled to damages. (*Id.*). In Count III, Plaintiff alleges a claim for civil assault and battery against Defendant.

Defendant filed the instant Motion seeking dismissal of Count II of Plaintiff's Amended Complaint on three grounds: (1) failure to state a claim; (2) failure to establish a violation of law; and (3) use of shotgun pleading.

## 2. LEGAL STANDARD

When considering a **motion to dismiss** under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss and determining whether a plaintiff has stated a claim for which relief could be granted, we must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although detailed factual allegations are not required, *Twombly*, 550 U.S. at 544, the pleading standard announced by Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading that offers nothing more than labels and conclusions, or a formulaic recitation of the elements of a cause of action, will not do. *Iqbal*, 556 U.S. at 677-78. A complaint, therefore, must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory – even though it may not be the theory suggested or intended by the pleader – or contain allegations from which an inference may be fairly drawn that evidence on these material points will be introduced at trial. *St. Joseph's Hosp. Inc. v. Hosp. Corp. of America*, 795 F.2d 948, 954 (quotations and citations omitted).

3. ANALYSIS

   A. The FLSA Prompt Payment Requirement

The **FLSA** is "designed to protect workers from the twin evils of excessive work hours and substandard wages." *Howard v. City of Springfield*, 274 F.3d 1141, 1148 (7th Cir. 2001). Section 206(b) of the FLSA provides that "[e]very employer shall pay to each of his employees . . . who in any work week is engaged in commerce or in the production of goods for commerce . . . not less than the minimum wage rate. . . ." 29 U.S.C. § 206(b). This section however, is silent on when an employer is required to pay an employee's wages. *Arroyave v. Rossi*, 296 F. App'x 835, 836 (11th Cir. 2008). Despite the lack of a clear timeframe for payments of wages or overtime, courts have interpreted the FLSA as having a prompt payment requirement. *See United States v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487, 491 (2d Cir.1960) ("While the FLSA does not expressly set forth a requirement of prompt payment, such a requirement is clearly established by the authorities...."); *See also Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 55 (2d Cir. 1998); *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1578 (11th Cir. 1985), modified, 776 F.2d 265 (11th Cir. 1985).

Here, Defendant relies on two 11th circuit cases that address the implied "prompt payment" requirement of 29 U.S.C. § 206(b). The two cases that Defendant relies upon are:

3

*Arroyave v. Rossi*, 296 F. App'x 835, 835 (11th Cir. 2008) and *Benavides v. Miami Atlanta Airfreight, Inc.*, 322 F. App'x 746, 747 (11th Cir. 2009). (ECF No. 3, p.4). In both of these case, the 11th Circuit interpreted 29 U.S.C. § 206(b) to mean that a pay date seven to ten days after the end of a pay period constituted prompt payment. *Arroyave*, 296 F. App'x. at 837; *Benavides*, 322 F. App'x at 747.

Plaintiff on the other hand, relies on *Ramos v. Guiribity Cosmetic & Beauty Institute Inc., et al*. Case No. 12-24106 [D.E. 91], where Magistrate Judge McAliley denied to expand the interpretations of *Arroyave* and *Benavides* to pay dates. (ECF No. 5, at pp. 3-4). In *Ramos*, Judge McAliley elegantly explained the difference between the terms "pay period" and "pay date." Pay Period "is the length of time for which an employee is paid." *Id*., p.2. "The pay date, on the other hand, refers to the regular date the employer establishes to deliver payment for the most recent pay period." *Id.* Such distinction is noteworthy because the two cases relied on by the Defendant found that it is permissible for an employer to tender payment within reasonable time **after the pay period** and not after **the pay date**. *Arroyave*, 296 F. App'x. at 837; *Benavides*, 322 F. App'x at 747.

Here, this Court deems Plaintiff's reliance on *Ramos* appropriate. Similar to the *Ramos* case, here, Plaintiff is alleging that "Defendant untimely paid the wages due to Plaintiff on payday, every first day of the month." (ECF No. 1, Exhibit A-3, ¶ 20.) Plaintiff is not arguing that the first day of the month (as her pay date) was not a prompt date of payment for her pay period. In other words, what Plaintiff is alleging is that she was paid later than the pay date.

Defendant however, rejects this interpretation and relies on Judge King's order on Defendant's Motion for Summary Judgment in the *Ramos* case. (ECF No. 6, at pp. 4-5). It is noteworthy to lay out the different standard in a motion for summary judgment. Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.' " *See Alabama v. N. Carolina*, 560 U.S. 330, (2010) (quoting Fed. R. Civ. P. 56(a)). On the other

hand, in a motion to dismiss, the court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In *Ramos* Judge King denied Defendant's Motion for Summary Judgment because there was a genuine issue of material fact with respect to the time Defendant paid Plaintiff. "[I]t is unclear from the evidence provided and the parties' briefs when payment was due and when Plaintiff received payment." *Ramos*, No. 12- 24106-Civ-King [ECF No. 68, p. 4] (S.D. Fla. Nov. 12, 2013). Here, however, Plaintiff alleges that she was due her wages on the first of each month for and those payments were made untimely. (ECF No. 1, Exhibit A-3, ¶ 18.) While it is unclear from the pleadings when Plaintiff was actually paid and how many days after the pay date Defendant paid Plaintiff, we must accept Plaintiff's allegations as true.

Notwithstanding Defendant's rejection of this interpretation, Defendant's Motion must be denied on the basis of Plaintiff's allegations of overtime violations. Several other courts have indicated that employees must be paid **for all hours worked** on payday under the **FLSA**. For example, in *Olson v. Superior Pontiac-GMC, Inc.,* 765 F.2d 1570 (11th Cir.1985), *modified,* 776 F.2d 265 (11th Cir.1985) the court held that the **FLSA requires** "that the employee receive '**prompt payment**' of the minimum wage covering all hours worked during the pay period." *Id.* at 1578. This includes overtime wages. *See for example Rigopoulos v. Kervan,* 140 F.2d 506, 507 (2d Cir.1943) (overtime compensation "shall be paid in the course of employment and not accumulated beyond regular payday."); *Seneca Coal & Coke v. Lofton,* 136 F.2d 359, 363 (10th Cir.), *cert. denied,* 320 U.S. 772, 64 S.Ct. 77, 88 L.Ed. 462 (1943) (the **FLSA** violated if overtime **payments** not made "when due in the regular course of employment"); *accord Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1299 (3d Cir.1991) ("liquidated damages ... compensate employees for the losses they may have suffered by reason of not receiving their proper wages *at the time they were due,*" emphasis supplied); *Atlantic Co. v. Broughton,* 146 F.2d 480, 482 (5th Cir.1944), *cert. denied,* 324 U.S. 883, (1945), (obligation to pay liquidated damages "immediately arises" when "an employer on any regular **payment** date fails to pay the full amount" due).

5

Here, Plaintiff's first Amended Complaint not only includes a claim for untimely payments of her minimum wages but Plaintiff also alleges that Defendant failed to pay her overtime. Defendant's failure to pay Plaintiff's overtime during the course of her employment violates the prompt payment requirement of the FLSA. Thus, Defendant's Motion is without merit.

B. <u>Plaintiff's Shotgun Pleading</u>

Defendant, as a final attempt to dismiss Count II of Plaintiff's Amended Complaint claims that Plaintiff's Complaint is a "shotgun" pleading because each count of the Complaint incorporates by reference all previous paragraphs of the Complaint. (ECF No. 3, p.6). The Court notes that this argument is properly raised in a motion to require the plaintiff to file a more definite statement under Rule 12(e), not a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

All of the cases cited by Defendant that dismissed "**shotgun**" pleadings involved complaints that involved multiple counts against multiple defendants. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006) (affirming dismissal of a class action complaint against multiple defendants because the complaint failed to link adequately a cause of action to its factual predicates); *Charnley v. Town of S. Palm Beach Florida*, No. 13-CV-81203, 2014 WL 12652258, at *4 (S.D. Fla. Aug. 26, 2014), report and recommendation adopted, No. 13- CV-81203, 2014 WL 12653858 (S.D. Fla. Sept. 29, 2014) (adopting report recommending dismissal of complaint as shotgun pleading because Plaintiff failed to properly link each cause of action to each Defendant despite a previous warning by the Court); *Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (affirming dismissal of plaintiff's shotgun complaint because of plaintiff's failure to properly respond to the court's order, ordering her to amend and refile a more definite complaint as opposed to repeating, realleging and incorporating by reference all allegation, facts and information about the parties in each subsequent allegations).

6

By contrast, here the Complaint includes one individual defendant and three counts against that Defendant. Contrary to *Wagner*, it is clear that all counts are against the same defendant. Although Plaintiff has incorporated by reference all paragraphs of the Complaint into each count, the potential for confusion that existed in the cases cited by Defendant does not exist here.

### 4. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is therefore **RECOMMENDED** that Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint (ECF No. 3) be **DENIED**.[1]

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file any written objections with the District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of any finding in this Report and bar the parties from attacking on appeal, the factual findings contained herein, if any. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. §636(b)(1).

**DONE AND SUBMITTED** in Chambers in Miami, Florida, this 2nd day of January 2018.

*/s/ Barry L. Garber*

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court will not address Parties' arguments with respect to the appropriate statute of limitation applicable in this case. Whether the Court should apply FLSA statute of limitation or FMWA statute of limitation and whether Defendant's violations were willful are not appropriate issues in this Motion.